**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 19-187** |
| **DEMARQUIEZ HARRIS** | **SECTION: D (1)** |

## ORDER AND REASONS

Before the Court is a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by Demarquiez Harris.[1]  The United States of America opposes the Motion.[2]  The Defendant filed a reply in support of his Motion.[3]  After careful consideration of the Motion, the parties' memoranda, the record, and the applicable law, the Court **DENIES** the Motion.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Demarquiez Harris ("Harris") was convicted in this Court after he pleaded guilty as charged without a plea agreement to (1) one count of conspiracy to distribute and possess with intent to distribute five hundred grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; (2) two counts of distribution of fifty grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2; (3) one count of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); and (4) one count of distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).[4]

---

[1] R. Doc. 163.
[2] R. Doc. 165.
[3] R. Doc. 166.
[4] *See* R. Docs. 94 & 151.

During the plea colloquy at the Rearraignment held on May 27, 2021, the Court informed Harris of the potential penalties he was facing by pleading guilty and advised him that the Court would consider the United States Sentencing Guidelines in determining the appropriate sentence for him.[5]   Harris acknowledged that he understood that it was within the Court's discretion as to whether to sentence him within or without the Guidelines.[6]   The Court then asked Harris if anyone, including his counsel, had told him what sentence the Court would impose if the Court accepted his guilty plea.[7]   Harris answered that no one had told him what sentence the Court would impose.[8]   Next, counsel for Harris represented that he had explained to Harris "that [his] estimates of what will happen with the guidelines are merely guesses on [his] best part from 30 years of experience of doing this, but that [he] cannot promise him a particular outcome beyond what the statutory minimum is."[9]   Harris informed the Court that he heard and understood the Court's questions to his counsel and his counsel's answers to those same questions.[10]   The Court then asked Harris if "any promises had been made to [him] [by his counsel] of any sentence that [the Court] is going to give [him]," to which Harris answered "[n]o, ma'am."[11]   The Court accepted Harris's plea and adjudged him guilty of Counts 1, 4, 6, 7, and 8 of the Indictment.[12]

---

[5] *See* R. Doc. 158 at pp. 10–14 (Transcript of May 27, 2021 Rearraignment Hearing).
[6] *See id.* at 14:14–19, 16:3–13.
[7] *See id.* at 23:9–11.
[8] *See id.* at 23:12.
[9] *See id.* at 25:3–7.
[10] *See id.* at 25:8–15.
[11] *See id.* at 25:20–23.
[12] *See* R. Doc. 94.

On March 3, 2022, the Court held a Sentencing Hearing in this matter.[13] During the hearing, counsel for Harris lodged twenty-two objections to the Presentence Report ("PSR") and asked the Court to impose a below-Guidelines sentence of 120 months' imprisonment.[14]   Of note, Harris's counsel objected to Harris's classification as a career offender under United States Sentencing Guideline ("U.S.S.G.") § 4B1.1 as well as to an increase in his offense level for possession of a firearm pursuant to U.S.S.G. § 2D1.1(b)(1).[15]   Harris argued that his Guideline range should be 110 to 137 months' imprisonment based on an offense level of 28 and a criminal history category of IV.[16]   The Court overruled Harris's principal objections, finding that Harris did qualify as a career offender.[17]   Accordingly, the Court calculated the advisory Guideline range as being 262 to 327 months' imprisonment based on an offense level of 34 and a criminal history category of VI.[18]   The Court ultimately sentenced Harris to 262 months' imprisonment as to Counts 1, 4, and 7 of the Indictment and to 240 months' imprisonment as to Counts 6 and 8, such terms to be served concurrently.[19]

Harris appealed his sentence to the United States Court of Appeals for the Fifth Circuit.[20]   On appeal, Harris argued that the Court erred in sentencing him as a career offender under U.S.S.G. § 4B1.1(a) based on a prior Louisiana conviction for

---

[13] R. Doc. 150.
[14] *See id.*; R. Doc. 159 at p. 97 (Transcript of March 3, 2022 Sentencing Hearing).
[15] *See* R. Doc. 150.
[16] *See* R. Doc. 148-2 at pp. 18–19.
[17] *See* R. Doc. 150.
[18] *See* R. Doc. 159 at 61:9–13.
[19] *See* R. Doc. 151.
[20] *See* R Doc. 153.

possession with the intent to distribute marijuana when he was 17 years old because the state later raised the age to 18 to be charged as an adult and because the state decriminalized offenses involving the amount of marijuana Harris possessed.[21]  He also argued that the district court erred in applying a two-level weapon enhancement under U.S.S.G. § 2D1.1(b)(1) because the firearms he possessed were not connected to the offense.[22]  On March 30, 2023, the United States Court of Appeal for the Fifth Circuit affirmed this Court's judgment.[23]  The Fifth Circuit held that this Court's refusal to consider Haris's impermissible collateral challenge to his prior conviction for possession with intent to distribute marijuana was proper because Harris did not allege his prior conviction was invalid due to the denial of counsel.[24]  The Fifth Circuit also held that because the Court's assessment of a firearm enhancement under U.S.S.G. § 2D1.1(b)(1) did not affect the calculation of his offense level or Guidelines range, Harris's challenge was moot.[25]

On March 11, 2024, Harris timely filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.[26]  In his Motion, Harris raises four grounds for relief: (1) he received ineffective assistance of counsel because his counsel misinformed him on the sentence he would receive; (2) the Court improperly classified as a career offender based on his prior marijuana conviction; (3) the Court improperly applied an enhancement for possession of a

---

[21] *See* R. Doc. 162-1.
[22] *See id.*
[23] R. Doc. 162.
[24] *See* R. Doc. 162-1.
[25] *Id.*
[26] R. Doc. 163.

firearm; and (4) the Court improperly classified him as a career offender because he had never previously been incarcerated.[27]   Harris previously raised the second and third arguments in his direct appeal to the Fifth Circuit.[28]   Harris asks the Court to either resentence him to the statutory minimum term of 120 months' imprisonment or to resentence him without the career offender classification.[29]

The Government filed a timely response in opposition to Harris's Motion, arguing that Harris cannot prove ineffective assistance of counsel because he informed the District Court at his rearraignment that no one, including his attorney, told him that he would receive a certain sentence.[30]   The Government also argues that Harris's other arguments have already been considered and rejected by the Fifth Circuit on direct appeal.[31]

Harris filed a reply in support of his Motion, arguing that his counsel was ineffective both at the district court and on appeal.[32]   According to Harris, his counsel was "over-whelmed with personal problems and family tragedies" and was "unable to offer adequate or meaningful legal assistance to [Harris]."[33]   Harris additionally argues this his prior marijuana conviction should not be considered for purposes of career offender status.[34]   Harris attached to his reply copies of motions made by his

---

[27] *Id.*
[28] *See* R. Doc. 162-1.
[29] R. Doc. 163 at p. 12.
[30] R. Doc. 165.
[31] *Id.*
[32] R. Doc. 166.
[33] *Id.* at p. 2.
[34] *Id.*

counsel on appeal, including a motion to withdraw and a motion for extension of time.[35]

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2255, a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence."[36]  The statute sets forth four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence "is otherwise subject to collateral attack."[37]  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."[38]  Importantly, "[a] defendant 'may not raise an issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from that error.'"[39] "[W]here a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a § 2255 motion only if the petitioner can first demonstrate either (1) cause and prejudice, or (2) that he is 'actually innocent' of the

---

[35] *See* R. Docs. 166-1 and 166-2.
[36] 28 U.S.C. § 2255(a).
[37] *Id.*
[38] *United States v. Gaudet*, 81 F.3d 585 (5th Cir. 1996) (quoting *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994)).
[39] *Segler*, 37 F.3d at 1133 (5th Cir. 1994) (quoting *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (en banc)).

crime for which he was convicted."[40]   A defendant can establish good cause for his procedural default "by proving ineffective assistance of counsel in violation of the Sixth Amendment of the Constitution."[41]

   To establish a claim of constitutionally ineffective assistance of counsel, a petitioner must show both: (1) that his counsel's performance was deficient; and (2) that the deficiency prejudiced his defense.[42]   To satisfy the first prong of the *Strickland* test, the Court must "compare counsel's performance to an objective standard of reasonableness, mindful of the strong presumption of adequacy."[43]   To satisfy the second prong of the *Strickland* test, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, and that counsel's errors were so serious that they rendered the proceedings unfair or the result unreliable."[44] A petitioner must meet both prongs of the *Strickland* test, and if the petitioner makes an insufficient showing as to either prong, the court may dispose of the claim without addressing the other prong.[45]

   After conducting a preliminary review of a § 2255 motion, "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior

---

[40] *United States v. Sorrells*, 145 F.3d 744, 749 (5th Cir. 1998) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

[41] *United States v. Mackey*, 299 F. Supp. 2d 636, 640 (E.D. La. 2004) (quoting *Pickney v. Cain*, 337 F.3d 542, 545 (5th Cir. 2003)).

[42] *Strickland v. Washington*, 466 U.S. 668, 687–96 (1984).

[43] *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997).

[44] *United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999) (citing *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993)).

[45] *See Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one.").

proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."[46]  If, however, the motion is not dismissed, "the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."[47]

Pursuant to § 2255, an evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[48]  Thus, no evidentiary hearing is required if the petitioner fails to produce any "independent indicia of the likely merit of [his] allegations."[49]  The petitioner bears the burden of establishing his claims of error by a preponderance of the evidence.[50]  If a court finds that the a petitioner's "judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack,"[51] the district court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."[52]

---

[46] Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 4(b).

[47] *Id.*

[48] 28 U.S.C. § 2255(b).

[49] *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)) (internal quotation marks omitted).

[50] *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980) (citing *United States v. Kastenbaum*, 613 F.2d 86, 89 (5th Cir. 1980)).

[51] 28 U.S.C. § 2255(b).

[52] *Id.*

## III.   ANALYSIS

## A.   Ineffective Assistance of Counsel

Harris first argues that he received ineffective assistance of counsel because his counsel allegedly misinformed him regarding the sentence the Court would impose in his case.[53]  Harris contends that his counsel told him that he would receive 135 months' imprisonment by pleading guilty.   Harris argues that his attorney's performance was deficient and that Harris suffered prejudice because he received a higher sentence than that allegedly promised by his counsel.   In his Reply, Harris further argues that his counsel's performance at both the sentencing and on appeal was deficient because his counsel was overwhelmed with personal problems.[54]  Harris does not specifically point to any action or inaction of his counsel that he alleges was deficient.   In response, the Government maintains that this claim should be denied because Harris affirmed at his rearraignment that no one, including his attorney, guaranteed or promised that Harris would receive a certain sentence.[55]

The Court agrees with the Government; Harris fails to show that his counsel's performance was deficient and fails to demonstrate any prejudice.   As the Government points out, the Court specifically asked Harris at the rearraignment whether anyone, including his counsel, had told him what sentence the Court would impose, to which Harris answered "No, ma'am."[56]  Harris also denied that anyone had

---

[53] R. Doc. 163 at p. 4.
[54] R. Doc. 166 at pp. 1–2.
[55] R. Doc. 165 at p. 1.
[56] R. Doc. 158 at 23:9–12.

made any promises to him as to what sentence he would receive.[57]   Harris's statements made under oath in court "carry a strong presumption of verity."[58]  As the Fifth Circuit has explained, reviewing courts should "give the statements during the colloquy greater weight than . . . unsupported, after-the-fact, self-serving revisions."[59]

The Court also asked Harris's counsel if he had made any representations to Harris about what sentence the Court would impose.  Harris's counsel answered "that [his] estimates of what will happen with the guidelines are merely guesses on [his] best part from 30 years of experience of doing this, but that [he] cannot promise him a particular outcome beyond what the statutory minimum is."[60]  Harris responded that he understood his counsel's statement that other than the applicable statutory minimums, any estimation by his counsel of the likely sentence would only be an estimate.[61]  Harris also acknowledged that he understood that it was within the Court's discretion to determine whether or not to sentence him within the applicable sentencing guidelines.[62]

In light of the above statements made by Harris at his plea colloquy, Harris's current contention that his counsel promised him that the Court would sentence him to only 135 months' imprisonment lacks support.  Harris has presented no evidence of this supposed promise made by his counsel to him.  Again, Harris specifically stated under oath to the Court that his counsel had made no promises whatsoever about the

---

[57] *Id.* at 25:20–23.
[58] *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).
[59] *United States v. Cothran*, 302 F.3d 279, 284 (5th Cir. 2002).
[60] R. Doc. 158 at 25:3–7.
[61] *Id.* at 25:8–15.
[62] *Id.* at 14:14–19, 16:3–13.

sentence the Court would impose.  Moreover, the Fifth Circuit has repeatedly held that counsel's miscalculation of the Guidelines range does not constitute *Strickland* deficiency so long as counsel informs the defendant of the applicable statutory minimums and/or maximums and makes no explicit guarantees or promises to the defendant.[63]  Harris not only acknowledged that his counsel had advised him of the relevant statutory penalty ranges, but he also admitted that this counsel made no promises to him.  In short, Harris fails to establish that his counsel's performance was objectively deficient under *Strickland*.[64]

Harris also cannot demonstrate that he suffered prejudice within the meaning of *Strickland*.  "The Supreme Court has instructed that the prejudice inquiry in the guilty-plea context asks whether there is 'a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial.'"[65]  Harris argues that the statements made by his counsel regarding the length of his sentence resulted in prejudice because he received a greater sentence than he anticipated.[66]  However, he does not claim that he would have pled not guilty or acted in any other matter had he better understood the potential sentence he would receive.  Indeed, Harris's entire prejudice argument boils

---

[63] *See, e.g.*, *United States v. Lincks*, 82 F.4th 325, 330–32 (5th Cir. 2023); *United States v. Valdez*, 973 F.3d 396, 404–406 (5th Cir. 2020).

[64] The Court further notes that there is no evidence that Harris's counsel miscalculated or misapplied the Guidelines.  *Cf. Valdez*, 973 F.3d at 403–406 (holding that counsel was not deficient under *Strickland* even though counsel miscalculated the Guidelines range).  His counsel filed a lengthy set of objections and strenuously argued that Harris should not be deemed a career offender under the Guidelines.  That the Court ultimately overruled the objections does not demonstrate a miscalculation on counsel's part.

[65] *Lincks*, 82 F.4th at 337 (Higginson, J., concurring).

[66] R.Doc. 163-1 at p. 3.

down to him being "prejudiced" by receiving a longer sentence than anticipated, not to whether he would have gone to trial.[67]  Accordingly, Harris fails to show that "but for" his counsel's statements, "the result of the proceeding would have been different."[68]  Because Harris cannot establish either prong of *Strickland*, his claim of ineffective assistance of counsel necessarily fails.[69]

The Court finds that no evidentiary hearing is required on Harris's claims as, as detailed above, Harris has failed to produce any independent indicia of the likely merit of his allegations.[70]

## B.   Harris's Remaining Claims are Procedurally Barred

Harris's claims regarding his classification as a career offender under the Guidelines and the enhancement for possession of a firearm have already been addressed by the Fifth Circuit on direct appeal.  As previously stated, the Fifth Circuit affirmed this Court's denial of Harris's objections at his sentencing.[71]  "It is settled in [the Fifth] Circuit that issues raised and disposed of in a previous appeal from an original judgement of conviction are not considered in § 2255 Motions."[72]

---

[67] *See id.* ("Petitioner was prejudiced by his counsel [sic] advice because instead of the 120 months mentioned by his consel [sic], Petitioner was sentenced to 262 months.").

[68] *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

[69] To the extent that Harris argues in his Reply that his counsel was ineffective on appeal, Harris has waived such argument by bringing it up for the first time in his reply.  *See Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010) ("Arguments raised for the first time in a reply brief are generally waived."); *United States v. Rodriguez*, 602 F.3d 346, 360 (5th Cir. 2010).  But even if the Court were to consider such argument, Harris's contention lacks merit.  Harris fails to explain how his counsel's performance was deficient or how he was prejudiced by such deficiency.  Harris's conclusory IAC allegations do not meet *Strickland*'s standards.

[70] *See United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)) (internal quotation marks omitted).

[71] R. Doc. 162-1 at p. 2.

[72] *See United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986); *see also United States v. Allen*, No. CR 12-138, 2018 WL 5251906, at *2 (E.D. La. Oct. 22, 2018) (Vance, J.) ("A litigant cannot re-assert issues in a Section 2255 motion that he has already raised on direct appeal.").

Because Harris raised previously raised these arguments without success on direct appeal, the Court does not and cannot consider them in this collateral proceeding.

Harris's final claim that he was improperly classified as a career offender because his prior convictions did not result in incarceration, while not raised on direct appeal, is likewise procedurally barred, precisely because such argument was not raised on appeal. Arguments not made on direct appeal may be raised in a § 2255 motion only if the petitioner can demonstrate both cause and prejudice.[73] Harris does not address either element. Accordingly, his argument is procedurally barred. Regardless, Harris's argument is meritless. Classification as a career offender under U.S.S.G. § 4B1.1 requires that the defendant "has at least two prior felony convictions of either a crime of violence or a controlled substance offense."[74] Harris does not dispute that he has at least two prior felony convictions for crimes of violence or controlled substance offenses.[75] That such convictions may not have resulted in incarceration is immaterial. Career offender status is determined by convictions, not by actual length of incarceration. Indeed, the Guidelines define "prior felony convictions" as "an offense punishable by death or imprisonment for a term exceeding one year . . . *regardless of the actual sentence imposed.*"[76] Because Harris had at least two prior convictions for crimes of violence or controlled substance offenses, the Court properly classified him as a career offender.

---

[73] *United States v. Sorrells*, 145 F.3d 744, 749 (5th Cir. 1998) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).
[74] U.S.S.G. § 4B1.1(a).
[75] *See* R. Doc. 163-1 at p. 9 ("There were convictions, not a single day was Petitioner incarcerated; this is to be considered as the fact that this is Petitioner's first time being incarcerated.").
[76] U.S.S.G. § 4B1.2(e)(4).

## C.    Certificate of Appealability

When a district court enters a final order adverse to an applicant under 28 U.S.C. § 2255, the Court must issue or deny a certificate of appealability.[77]  A court will issue a certificate of appealability only where the petitioner makes "a substantial showing of the denial of a constitutional right."[78]  The Supreme Court has interpreted this to require that the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[79] Generally, the controlling standard for a certificate of appealability demands that the petitioner show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further."[80]  For the reasons described above, Harris's Motion does not satisfy these standards. Therefore, the Court will not issue a certificate of appealability.

## IV.    CONCLUSION

For the above reasons, **IT IS HEREBY ORDERED** that Harris's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody[81] is **DENIED**.

New Orleans, Louisiana, June 28, 2024.

**WENDY B. VITTER**
**United States District Judge**

---

[77] Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 11(a).
[78] 28 U.S.C. § 2253(c)(2).
[79] *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted); *accord Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack*, 529 U.S. at 484).
[80] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).
[81] R. Doc. 163.